UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPENCER T. CRUMBSIE,

Plaintiff,

-against-

WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS,

Defendant.

26-CV-5261 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is detained at Westchester County Jail, brings this action *pro se*, asserting claims under 42 U.S.C. § 1983 that Defendant violated his federal constitutional rights. By order dated July 6, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without the prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Spencer T. Crumbsie, who is a pretrial detainee at the Westchester County Jail, brings this action alleging that the conditions in the vans maintained by the Westchester Cunty Department of Correction ("WDOC") violate his federal constitutional rights. He names the WDOC as the sole defendant.

The following facts are drawn from the complaint.[2] Plaintiff alleges that WCDOC's transportation vans lack air adequate vents or windows. He maintains that the air vents are covered with plexiglass and all windows are covered with cloth, preventing people inside the vans from seeing outside. Plaintiff describes his injuries as "Mental Health Vio[,] Breathing Violations[,] Life Su[]staining Air Violations[, and] Ps[ych]ologic Disorders," (ECF 1, at 5.)

Plaintiff seeks monetary damages totaling 2.5 million dollars.

## DISCUSSION

### A. Claims against the Westchester County Department of Corrections

Plaintiff brings claims under Section 1983 against the WDOC. This defendant is suable in its own name for the purposes of Section 1983. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) (explaining that the WCDOC is a suable entity subject to municipal liability under Westchester County Charter § 194.61).

When a plaintiff sues a municipality or a municipal agency such as WCDOC under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in wrongdoing. The plaintiff must show that the municipal entity itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). To state a Section 1983 claim against a municipality or municipal entity, the plaintiff must allege facts showing (1) the

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.[3] *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). If there is no underlying constitutional violation, however, the Court need not examine whether the municipality or other local governmental entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

Here, Plaintiff alleges that (1) WDOC transport vans have air vents that are covered with plexiglass; (2) the van windows are covered with cloth; and (3) these conditions result in a lack of airflow and ability to see out of windows. As discussed below, these allegations are insufficient to state a viable claim under Section 1983. Because Plaintiff has failed to state a viable underlying constitutional claim, the Court does need to address whether the WDOC has a policy, practice, or custom to cover the vents and windows in its transport vans. *See id.* The Court therefore dismisses Plaintiff's claims against WCDOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1515(e)(2)(B)(ii).

---

[3] A plaintiff may satisfy the policy or custom requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

The Court grants Plaintiff leave to replead his claims against WCDOC in an amended complaint that complies with the standards governing liability of municipal entities set forth above.

**B. Unconstitutional Conditions of Confinement**

The Court construes Plaintiff's allegations regarding the conditions of WCDOC transport vans as a constitutional challenge to his conditions of confinement under Section 1983. A pretrial detainee's claim for deliberate indifference to conditions of confinement arises under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state such a claim a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to their health or safety, and (2) a "mental" element, which requires a showing that a correctional official acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29, 32.

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). There is not a "static test" to determine whether a deprivation is sufficient to rise to the level of an unconstitutional condition of confinement; rather, the conditions must be "evaluated in light of contemporary standards of decency." *Id*. (quoting *Blisset v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)). The Second Circuit held that "prisoners may not be deprived their basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety—and they may not be exposed to conditions that pose an unreasonable risk of serious damage to [their] future health." *Id*. (quoting *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir.

2012)). Conditions must be measured by their severity and duration, not a resulting injury. *Id.* at 32.

For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. A correction official's negligence is not a proper basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).

Here, Plaintiff alleges that WCDOC transportation vans lack proper air ventilation, and detainees are unable to see out of van windows. Plaintiff has not alleged facts suggesting that these conditions, either individually or in combination, pose an unreasonable risk of serious damage to his health. Plaintiff's allegation that he cannot see out of the van windows does not suggest serious risk of damage to his health. Although a lack of proper ventilation could pose a serious risk under certain circumstances—for example, if it was combined with extreme temperatures or if person was subjected to poor ventilation for an extended period of time, *see Darnell,* 849 F.3d at 31-32 (discussing the need to analyze the severity and duration of the conditions in combination with other conditions)—plaintiff's bare allegations of air vents "covered in Plexi-glass," without more, do not suggest a serious risk to his health or safety, *see, e.g.*, *Hamilton v. Westchester Cnty*., No. 18-CV-8361 (NSR), 2020 WL 917214, at 7 (S.D.N.Y. Feb. 25, 2020) (dismissing claims of "poor ventilation resulting in unbearable heat, difficulty breathing, and rust dripping from [plaintff's] cell" because plaintiff did not allege sufficient facts regarding the "duration of the conditions"), *aff'd in part*, *vacated in part in other grounds*, 3

F.4th 86 (2d. Cir. 2021); *Jackson v. Sullivan Cnty.*, No. 16-CV-3673 (JCM), 2018 WL 1582506, at *4 (S.D.N.Y. Mar. 27, 2018) (dismissing conditions of confinement claims in absence of allegations regarding severity and duration). The Court therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his conditions of confinement claims in an amended complaint that names as defendants the individuals who allegedly violated his rights and alleges facts curing the deficiencies identified above.

**C. Inadequate Medical Care**

In the complaint, Plaintiff includes a single line stating that he is asserting claims for "Mental Health Violations" and "Medical Concerns Vio[lations]" (ECF 1, at 4), but he alleges no facts in support of any such claims. The Court construes these assertions as a possible attempt to assert claims for denial of adequate medical care. The Court grants Plaintiff leave to replead any claims under Section 1983 that WCDOC officials did not provide adequate medical care, in violation of his federal constitutional rights.

Because Plaintiff is a pretrial detainee, his claims for inadequate medical care arise under the Due Process Clause of the Fourteenth Amendment. Such claims are evaluated under a two-pronged test comprised of both objective and "mental" components. *See Darnell*, 849 F.3d at 30-33. The objective component of this standard requires that the alleged medical need be a sufficiently serious condition that "'could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see Darnell*, 849 F.3d at 30 ("Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of

serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'" (citations omitted)). The relevant inquiry is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702-03).

To satisfy the mental component of the deliberate indifference standard, a pretrial detainee must show that a:

> defendant-official acted intentionally to . . . [deny adequate medical treatment], or recklessly failed to act with reasonable care to mitigate the risk that the . . . [denial] posed to the pretrial detainee even though the defendant-official knew, or should have known, that . . . [such denial] posed an excessive risk to health or safety.

*Darnell*, 849 F.3d at 35. Allegations suggesting malpractice or negligent failure to provide care do not state a constitutional claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Darnell*, 849 F.3d at 36.

Here, Plaintiff does not allege facts suggesting that any WCDOC employee was deliberately indifferent to his serious medical needs. In the complaint, Plaintiff alleges that the vents and windows are obstructed on WDOC transport vans. He alleges no facts suggesting that he has an objectively serious medical condition. In fact, Plaintiff alleges no facts at all about any medical condition. Even if Plaintiff did allege facts suggesting an objective serious medical condition, nothing in the complaint suggests that any WCDOC employee, or anyone else, knew or should have known that denying him medical care for any injuries posed an excessive risk to his health or safety. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead these claims in an amended complaint in which he names as a defendant the individual or individuals he alleges denied him adequate medical care and alleges facts sufficient to satisfy the standard discussed above.

### D. Claims Under State Law

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 29, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.